FILED

05/09/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0241

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0241

ALEX C. SMITH,

Petitioner,

v.

EIGHTH JUDICIAL DISTRICT COURT,
HON. JOHN PARKER, Presiding,

Respondent.

FILED

MAY 0 9 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Alex Smith petitions this Court for supervisory control over the Eighth Judicial District Court, Cascade County. Smith is currently incarcerated in the Crossroads Correctional Center in Shelby, Montana.

Smith contends that "an extraordinary miscarriage of justice continues, in [his] petition for postconviction relief, as [he] is being prevented from proving [his] innocence by multiple involved parties[.]" He further contends that his due process rights have been violated and his "multiple attempts" by others have "stifle[d] [his] progress in seeking redress[.]" Smith explains the history of his underlying criminal case, and he challenges the arrest, his counsel's representation, the prosecution, and his pending petition for relief in the District Court. Smith maintains ineffective assistance of counsel claims throughout his writ, requesting expedited relief.

Smith also refers to his former petitions in this Court. *See Smith v. Salmonsen*, No. OP 22-0468, Order (Mont. Sept. 20, 2022) (*Smith I*) and *Smith v. Salmonsen*, No. OP 22-0694, Order (Mont. Dec. 27, 2022) (*Smith II*). We provided that:

> [T]he State charged Smith with five felonies, including attempted deliberate homicide, on August 14, 2021, in the Cascade County District Court. On June 24, 2022, the District Court accepted Smith's nolo contendere pleas to two counts of felony assault with a weapon (reasonable apprehension) and sentenced Smith to the Montana State Prison for two, consecutive

twenty-year terms. Smith did not appeal his conviction and sentence to this Court.

*Smith I*, at 1. *See also Smith II*, at 1.

Supervisory control operates on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). The case must meet one of three additional criteria. *Spady*, ¶ 11; M. R. App. P. 14(3)(a)-(c).

This Court points out that in June of 2022, Smith's underlying criminal case concluded in the District Court. There is no matter in the District Court over which to take supervisory control. Smith does not have a pending petition for postconviction relief either.

We secured the register of actions or docket sheet from the District Court. In January 2023, Smith filed an affidavit of inability to pay filing fees and other costs. The District Court issued an order granting his request a week later, on January 26, 2023. There has been no filing of a petition for postconviction relief in the District Court. Smith should file his petition for postconviction relief as soon as possible in the District Court. Accordingly,

IT IS ORDERED that Smith's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable John Parker, District Court Judge; Tina Henry, Clerk of District Court, Cascade County, under Cause No. DDV-2023-034; counsel of record, and to Alex Smith along with a copy of the court's register of actions.

DATED this ___ day of May, 2023.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3